1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    RAN ZHENG,                            Case No.  21-cv-07925-SK

8                    Plaintiff,

9         v.                              **ORDER ON MOTION TO STRIKE**

10   JOSEPH MAROUN, et al.,                Regarding Docket Nos. 40, 41

11                    Defendants.

12          This matter comes before the Court upon consideration of the motion to strike filed by

13   Defendants Fredrick William Voigtmann and Law Office of Fred Voigtmann ("Defendants").  The

14   Court finds the motion suitable for disposition without oral argument and thus VACATES the

15   hearing scheduled for October 31, 2022.  *See* N.D. Civ. L.R. 7-1(b).   Having carefully considered

16   the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS

17   Defendants' motion for the reasons set forth below.  Pursuant to Federal Rule of Evidence 201, the

18   Court GRANTS Defendants' request for judicial notice.  Fed. R. Evid. 201.

19                                  **BACKGROUND**

20          Plaintiff Ran Zheng ("Plaintiff") initially filed her complaint against Joseph Maroun Jr.,

21   Joseph Maroun Sr., and Linyue Luan, as well as Defendants, related to their conduct in connection

22   with Plaintiff's application in the EB-5 Immigrant Investor Program ("EB-5") provided by the

23   United States Citizenship and Immigration Services ("USCIS").  Plaintiff hired Defendants as her

24   attorneys in connection with EB-5 visa and names only Defendants in her amended complaint.

25   However, in her amended complaint, Plaintiff also includes allegations of misconduct by

26   Defendants which go beyond mere legal advice.

27   / / /

28   / / /

*United States District Court*
*Northern District of California*

**ANALYSIS**

**A.    Legal Standards on Motion to Strike.**

Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.*  (internal citations and quotations omitted).  Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  A motion to strike should be resorted to only when the matter to be stricken could have no possible bearing on the issues in litigation.  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion.  *Colaprico*, 758 F. Supp. at 1339.

**B.    Defendants' Motion to Strike.**

**1.    Procedural Issues.**

A motion to strike is not a procedural mechanism to strike punitive damages.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010) (Rule 12(f) "does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law."); *see also Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 272-73 (N.D. Cal. 2015) (denying motion to strike because "Defendants' first argument – that [p]laintiffs cannot recover punitive damages as a matter of law – fails because it is expressly precluded by the Ninth Circuit's holding in *Whittlestone* []"); *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 996 (N.D. Cal. 2012) (applying *Whittlestone* to deny defendant's Rule 12(f) motion to strike the portions of Plaintiff's amended complaint that mention punitive damages).

Some courts in this District have construed motions to strike punitive damages as motion to dismiss under Federal Rule of Procedure 12(b)(6).  *See Opperwall v. State Farm Fire & Cas.*

United States District Court
Northern District of California

*Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) ("where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion.") (quoting *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009)); *see also Powell v. Wells Fargo Home Mortg.*, 2017 WL 2720182, at *7 (N.D. Cal. June 23, 2017) (relying on *Whittlestone* and construing Rule 12(f) motion to strike punitive damages as motion to dismiss); *Linares v. CitiMortgage, Inc.*, 2015 WL 2088705, at *8 (N.D. Cal. May 5, 2015) (same).  The Court concurs with the courts that have construed the motion to strike as a motion to dismiss and will do the same.

Next, Plaintiff contends that Defendants are barred from bringing a second motion under Federal Rule of Civil Procedure 12(b) because Defendants brought a previous motion to dismiss under Rule 12(b)(3).  Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 12(g), which prohibits successive motions to dismiss, the Court should not consider Defendants' arguments.  However, some courts have held that, although Rule 12(g) "technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion . . . courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy."  *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 WL 2690437, *2 n. 1 (N.D. Cal. 2011) ("Rule 12(g) merely prohibits them from raising it before filing an answer because they did not raise it in their initial response under Rule 12(b). Plaintiffs do not dispute that Defendants would simply be able to renew their motion as a Rule 12(c) motion for judgment on the pleadings after filing an answer."); *see also Banko v. Apple, Inc*., 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013); *Green v. ADT, LLC*, 2016 WL 5339800, at *6 (N.D. Cal. Sept. 23, 2016) ("Some courts have, however, exercised their discretion to consider the untimely arguments if they were not interposed for delay and the final disposition of the case would thereby be expedited.") (quotation marks omitted) (citing cases).

Defendants respond to Plaintiff's arguments with citations to state law and a discussion of special appearances, neither of which are relevant to this issue, which is a federal procedural issue. Nevertheless, under the correct legal standard, the Court finds that judicial economy warrants

1    considering Defendants' arguments.  Accordingly, the Court will address the merits of

2    Defendants' motion.

3           **2.      Merits of Defendants' Motion.**

4                  **i.      Punitive Damages.**

5           Defendants move to strike (or dismiss as construed by the Court) Plaintiff's claims for

6    punitive damages on the grounds that Plaintiff's allegations regarding Defendants' legal

7    immigration related services under the EB-5 immigration visa program do not include any factual

8    allegations of wrongful motive, intent or purpose to support a claim for punitive damages.

9    California Civil Code section 3294 authorizes punitive damages "where it is proven by clear and

10   convincing evidence that the defendant has been guilty of oppression, fraud, malice, the plaintiff,

11   in addition to the actual damages, may recover damages for the sake of example by the way of

12   punishing the defendant."  To obtain punitive damages the:

13                  act complained of must not only be wilful [*sic*] in the sense of
                    intentional, but it must also be accompanied by aggravating
14                  circumstances, amounting to malice.  The malice required implies an
                    act conceived in a spirit of mischief or with criminal indifference
15                  towards the obligations owed to others.  There must be an intent to
                    vex, annoy or injure.  Mere spite or ill will is not sufficient; and mere
16                  negligence[.]  Even gross negligence is not sufficient to justify an
                    award of punitive damages.

17   *Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894 (1972); *see also Mock v. Michigan Millers Mut. Ins.*

18   *Co.*, 4 Cal. App. 4th 306, 328 (1992) (for punitive damages "[t]here must be circumstances of

19   aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the

20   defendant, *or such a conscious and deliberate disregard of the interests of others that his conduct*

21   *may be called wilful or wanton.*' [Citation.]" (emphasis in original) (quoting *Taylor v. Superior*

22   *Court*, 24 Cal. 3d 890, 894-895 (1979)).  In her opposition brief, Plaintiff argues that she alleges

23   that Defendants conspired with the other individuals who Plaintiff initially sued but dropped as

24   defendants from this case.  However, the paragraphs to which she points to in her Complaint do

25   not actually contain any allegations regarding a conspiracy.  (Dkt. No. 18 (First Amended

26   Compl.).)  Moreover, while Plaintiff alleges that Defendants did not act in her best interest,

27   provided negligent legal advice and services, and interfered with prospective economic advantage,

28

United States District Court
Northern District of California

she does not presently allege any "circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called wilful or wanton.'" *Mock*, 4 Cal. App. 4th at 328. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's request for punitive damages WITH LEAVE TO AMEND.

### ii.    Constructive Trust.

"[A] constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it. [Citations.]" *Campbell v. Superior Ct.*, 132 Cal. App. 4th 904, 920 (2005) (emphasis omitted) (quoting *Communist Party v. Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995); *see also In re Marriage of Chapman*, 3 Cal. App. 5th 719, 727 (2016) (quotation marks and citation omitted) ("A constructive trust cannot exist unless there is evidence that property has been wrongfully acquired or detained by a person not entitled to its possession."). Plaintiff fails to allege that Defendants wrongfully possess Plaintiff's property. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's request for a constructive trust but will provide Plaintiff with leave to amend.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, but provides Plaintiff with leave to amend to address the deficiencies addressed in this Order. If Plaintiff elects to amend the First Amended Complaint, she shall file a Second Amended Complaint by no later than November 15, 2022.

**IT IS SO ORDERED**.

Dated: October 25, 2022

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California